TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    718) 762-1324
Fax:    (718) 762-1342
*Attorney for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

XIDONG GAO
*on behalf of himself and others similarly situated*
                                                  Plaintiffs,

                                        v.

YELLOWSTONE TRANSPORTATION, INC.
        d/b/a Yes Car Services;
YES CAR SERVICES, INC.
        d/b/a Yes Car Services;
TONY LAW, and
JOHN 01-05 DOE's.

                                        Defendants.
-------------------------------------------------------------x

**Case No:** 1:15-cv-7439

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

Plaintiffs XIDONG GAO (hereafter referred to as "Plaintiff"), on behalf of himself and

other similarly situated, by and through their attorney, Troy Law, PLLC, hereby brings this

complaint against Defendants YELLOWSTONE TRANSPORTATION, INC. d/b/a Yes Car

Services; YES CAR SERVICES, INC. d/b/a Yes Car Services; TONY LAW and JOHN 01-05

DOE's.

**INTRODUCTION**

1.  This action is brought by Plaintiff, on behalf of himself as well as other similarly situated

    employees against Defendants of the New York Labor Law (NYLL), arising from

    Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.  Defendants pay Plaintiff on a commission basis for work they do servicing Defendants'

customers. However, Defendants have unlawfully failed to pay wages free and clear and also have unlawfully reduced wages that they paid to Plaintiff through paycheck deductions and by requiring Plaintiffs to bear Defendants' business expenses.

3. As a result of the failure to pay wages free and clear, kickbacks, and illegal deductions, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL.

4. Additionally, Yes Car Services has advertised to customers that gratuity is included in the cost of its car service. However, Yes Car Services drivers do not receive the total proceeds of any such gratuity. Instead they receive only a portion of such gratuity, if any is charged to the customer.

5. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) unreimbursed expenses, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

6. Plaintiff further alleges pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants:   (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unreimbursed expenses, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

7.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331.

8.  This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

9.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

10. Plaintiff XIDONG GAO ("GAO") was employed by YES CAR SERVICES, INC. d/b/a Yes Car Services and YELLOWSTONE TRANSPORTATION INC. d/b/a Yes Car Services as a driver.

## DEFENDANTS

*Corporate Defendants*

11. Defendant YES CAR SERVICES, INC d/b/a Yes Car Services is a domestic business corporation organized under the laws of the State of New York with a principal address at

133-56 41ST AVENUE, SUITE 101, FLUSHING, NY 11355.

12. Upon information and belief, YES CAR SERVICES, INC d/b/a Yes Car Services is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. Upon information and belief YES CAR SERVICES, INC d/b/a Yes Car Services purchased and handled goods moved in interstate commerce, having charged credit cards from out-of-state customers and dispatched rides outside of this state.

14. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by YELLOWSTONE TRANSPORTATION INC d/b/a Yes Car Services.

15. Defendant YELLOWSTONE TRANSPORTATION INC d/b/a Yes Car Services is a domestic business corporation organized under the laws of the State of New York with a principal address at 133-56 41ST AVENUE, SUITE 101, FLUSHING, NY 11355.

16. Upon information and belief, YELLOWSTONE TRANSPORTATION INC d/b/a Yes Car Services is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

17. Upon information and belief YELLOWSTONE TRANSPORTATION INC d/b/a Yes Car Services purchased and handled goods moved in interstate commerce, having charged credit cards from out-of-state customers and dispatched rides outside of this state.

18. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by YELLOWSTONE TRANSPORTATION INC d/b/a Yes Car Services.

19. Upon information and belief, Corporate Defendants are considered the same employer under

TTroy                                   4                              complaint

the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

20. Specifically, upon information and belief, not only do YES CAR SERVICES, INC d/b/a Yes Car Service and YELLOWSTONE TRANSPORTATION INC d/b/a Yes Car Services do business as Yes Car Services, but they also share the same ownership (same partners), share the same workers who worked substantially same hours and in substantially the same conditions and offer the same limousine call service to customers.

*Owner/ Operator Defendant*

21. Upon information and belief, YELLOWSTONE TRANSPORTATION INC d/b/a Yes Car Services and YES CAR SERVICES, INC d/b/a Yes Car Services is owned by a group of partners, including Owner/ Operator Defendant TONY LAW, who is in charge of all areas of the car service, and has the power to hire and fire drivers, determining their rates of pay (amount of deduction), regular driving shift schedule (including work hours and work days), type of ride trips dispatched, designated work load and employment policy.

22. Upon information and belief, YES CAR SERVICES, INC d/b/a Yes Car Services acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Yes Car Services.

23. JOHN DOE 01-05 DOE's is an officer, director, manager and/or majority shareholder or owner of the Defendant YES CAR SERVICES, INC d/b/a Yes Car Services and, as one of the ten largest shareholders, is individually responsible for unpaid wages under the New York Business Corporation Law.

24. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or condition have been waived.

## STATEMENT OF FACTS

25. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

26. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

27. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

28. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

29. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

30. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

31. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

TTroy                                    6                              complaint

32. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

**Plaintiff XIDONG GAO**

33. From on or about August 2013 to October 2013, Plaintiff XIDONG GAO was employed by YES CAR SERVICES, INC. d/b/a Yes Car Services.

34. Plaintiff XIDONG GAO was a Driver employed by Defendants to provide limousine car service to clients.

35. Plaintiff XIDONG GAO was scheduled to work a regular work schedule.

36. Plaintiff XIDONG GAO's regular work schedule ran from 07:00 to 19:00 for twelve (12) hours for six (6) days, and seventy two (72) hours each workweek.

37. Plaintiff drives an average of one hundred and fifty (150) to two hundred (200) miles a day.

38. Defendants controlled Plaintiff and other Yes Car Services Drivers work through dispatching them to the clients.

39. At all relevant times, Plaintiff XIDONG GAO was required to work solely and exclusively for Yes Car Services, which is monitored through the radio dispatcher.

40. As a precondition for employment, Plaintiff XIDONG GAO was required to pay two hundred and seventy five dollars ($275) every half a month to YES CAR SERVICES, INC. d/b/a Yes Car Services.

41. In addition to the semi-weekly radio deposit, Defendants made deduction from Plaintiff XIDONG GAO's wages, including, but not limited to, a one dollar ($1) deduction for each ride.

42. Defendants required Yes Car Services Drivers to shoulder Defendants' business expenses, including obtaining out-of-pocket and unreimbursed car insurance, as a requirement for

employment.

43. Yes Car Services advertises and promotes its car services business through quotes that include gratuities for drivers.

44. As a result, Plaintiff XIDONG GAO never received the entirety of tips meant for him.

45. Defendants failed to obtain proper authorization for making all these deductions from the Yes Car Services drivers' wages where such authorization is required by law.

46. At all relevant times, Defendants required Plaintiff XIDONG GAO to pay for the car, the car's maintenance and operation (including gasoline fuel charges and inspection), parts and supplies that he used for his work for Defendants.

47. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

48. At all relevant times, Plaintiff XIDONG GAO was required to maintain his car in clean condition.

49. As a result, Plaintiff XIDONG GAO washed his car twice a week.

50. Plaintiff XIDONG GAO was uncompensated for his car washing activities.

51. The deductions from wages for Defendants' business expenses caused Yes Car Service drivers' weekly pay to fall below state and/or federal minimum wage at least for part of his employment.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt drivers who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum

wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

53. Plaintiff brings their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

54. All said persons, including Plaintiff, are referred to herein as the "Class."

55. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

56. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than six hundred (600) members of the class.

57. Currently, Yes Car Services has 159 New York City Taxi & Limousine Commission licensee affiliates.

*Commonality*

58. There are questions of law and fact common to the Class which predominate over any

questions affecting only individual class members, including:

  a. Whether Defendants employed Plaintiff and the Class within the meaning of

    the New York law;

  b. Whether Defendants paid Plaintiff and the Class their wages free and clear;

  c. Whether Defendants has improperly deducted a portion of tips included in the

    quoted fare to customers that belong in its entirety to Plaintiff and the Class;

  d. Whether Defendants wrongfully shifted its business expenses to Plaintiff and

    New York class members by demanding that they bear business expenses of

    the employer;

  e. Whether Defendants required kickbacks from Plaintiff and New York Class

    Members as a requirement for employment;

  f. Whether Plaintiff and Class members are paid at least the minimum wage for

    each hour worked under the New York Labor Law;

  g. Whether Plaintiff and Class members are entitled to and paid overtime under

    the New York Labor Law;

  h. Whether Defendants maintained a policy, pattern and/or practice of failing to

    pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the

    NYLL;

  i. Whether Defendants maintained a policy, pattern and/or practice of failing to

    provide requisite statutory meal periods;

  j. Whether Defendants provided a Time of Hire Notice detailing rates of pay and

payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

k.   Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday;

l.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

*Typicality*

59. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

60. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing Plaintiff in both class action and wage and hour employment and illegal kickback employment litigation cases.

*Superiority*

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

62. Upon information and belief, Defendants and other employers throughout the state violate

the New York Labor Law. Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims

because doing so can harm their employment, future employment, and future efforts to

secure employment. Class actions provide class members who are not named in the

complaint a degree of anonymity which allows for the vindication of their rights while

eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [FLSA Unlawful Kickbacks
### 29 U.S.C. 201 et seq.; 29 CFR 531.35]

63. Plaintiff repeats, re-alleges and incorporates all allegations in all preceding paragraphs as if

fully herein.

64. Throughout the period covered by the applicable statute of limitations, defendants have

knowingly taken unlawful kickbacks in violation of FLSA and the supporting regulations of

the U.S. Department of Labor. Specifically, Defendants required Plaintiff to purchase the

car and its insurance, maintain the car through car washes, car inspection, gasoline fueling

and car maintenance.

65. This kickback brings Plaintiffs' hourly-equivalent wage below the hourly federal minimum

wage.

66. Plaintiffs seek and are entitled to recover damages for their unpaid compensation, liquidated

damages as provided by the FLSA, attorneys' fees and costs, together with such other relief

as this Court deems just and proper.

## COUNT II.
## [NYLL Unlawful Deductions,
## NYLL 193 & 196(d)]

67. Plaintiffs repeat and re-allege all allegations in all preceding paragraphs as if fully set forth herein.

68. Throughout the period covered by the applicable statute of limitations, Defendants knowingly retained portions of gratuities received by Plaintiffs in violation of the NYLL and the supporting regulations of the New York State Department of Labor.

69. In addition, throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful kickbacks in violation of FLSA and the supporting regulations of the U.S. Department of Labor. Specifically, Defendants required Plaintiff to purchase the car and its insurance, maintain the car through car washes, car inspection, gasoline fueling and car maintenance.

70. This kickback brings Plaintiffs' hourly-equivalent wage below the hourly state minimum wage.

71. Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III.
## [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Bicycle/ Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs]

72. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

73. Throughout the relevant period, Defendants required their car drivers to bear all of the "out-

14

complaint

of-pocket" costs associated with their motor vehicle, including the purchase, maintenance, repair, maintenance of a motor vehicle.

74. Based on their personal experience and available information, Plaintiffs can document actual "out-of-pocket" vehicle related expenses of their motor vehicle.

75. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

76. Plaintiffs purchased, maintained and repaired the motor vehicle at their own expense.

77. Plaintiffs performed these deliveries for the sole benefit of the Defendants.

78. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

79. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for motor vehicle purchase and maintenance in exchange for compensation from Defendants for such expenses.

80. Defendants owe Plaintiffs their overdue costs of maintaining motor vehicle for Defendants' benefit.

## COUNT IV.
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

81. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

83. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

84. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT V.**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff and Rule 23 Class]**

85. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

86. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

87. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

88. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

89. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT VI.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

90. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

91. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

92. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

93. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

94. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

95. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

96. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of

the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA

Collectives' labor.

97. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiff and Collective Class Members the statutory overtime

rate of time and one half for all hours worked in excess of forty (40) per week when they

knew or should have known such was due and that failing to do so would financially injure

Plaintiffs and Collective Action members.

**COUNT VII.**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and Rule 23 Class]**

98. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set

forth herein.

99. An employer who fails to pay the minimum wage shall be liable, in addition to the amount

of any underpayments, for liquidated damages equal to twenty five percent (25%) before

April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and

interest.

100.   At all relevant times, Defendants had a policy and practice of refusing to pay the

overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiff

and the class are entitled to.

101.   Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

102.   Defendants' failure to pay Plaintiffs were not in good faith.

**COUNT VIII.**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and Rule 23 Class]**

103.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

104.   The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

105.   Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Meal Periods Brought on behalf of Plaintiff and Rule 23 Class]

106.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

107.   The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL§ 162.

108.   Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs and the Rule 23 class work or worked.

109.   Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

110.   Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT X.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

111.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

112.   Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

113.   As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

114.   Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiffs' labor.

115.   Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT XI.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on behalf of Plaintiff and Rule 23 Class]

116.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

117.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address

of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

118.   Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

119.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

120.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT XII.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Rule 23 Class]

121.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

122.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

123.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

124.   Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to

$5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT XIII.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

125.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

126.   26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

127.   Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XIV.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349 Brought on behalf of the Plaintiff]

128.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

129.   NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

130.   Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is

greater, or both such actions.

131.   Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (<u>See</u> Exhibit 5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)    An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)    An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)    Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)    Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)    Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated deliverymen in the purchase, maintenance and repair of their delivery auto-bicycle in direct service of Defendants;

k)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
January 5, 2016

                            TROY LAW, PLLC
                            *Attorney for the Plaintiff, proposed FLSA*
                            *Collective and Proposed Class Plaintiffs*


                              /s/ John Troy       
                            John Troy (JT0481)
                            41-25 Kissena Boulevard Suite 119
                            Flushing, NY 11355
                            Tel: (718) 762-1324
                            Fax: (718) 762-1342
                            Email: johntroy@troypllc.com