UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
XIDONG GAO, DESHENG ZHANG, BIN LI,
YANG WANG and HONGJUN HOU, on behalf of
themselves and others similarly situated,

                       Plaintiffs,

    -against-

YELLOWSTONE TRANSPORTATION, INC. d/b/a
Yes Car Services; YES CAR SERVICES, INC. d/b/a
Yes Car Services; APRIL 2012
TRANSPORTATION, INC. d/b/a Yes Car Services;
TONY LAW, and JOHN 01-05 DOE's,

                       Defendants.
-----------------------------------------------------------X

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 15 2017 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 15-7439

(Wexler, J.)

APPEARANCES:

    TROY LAW, PLLC
    BY:   JOHN TROY, ESQ.
            KIBUM BYUN, ESQ.
    Attorneys for Plaintiffs
    41-25 Kissena Boulevard, Suite 119
    Flushing, New York 11355

    XUE & ASSOCIATES, P.C.
    BY:   BENJAMIN B. XUE, ESQ.
            KEVIN K. YAM, ESQ.
    Attorneys for Defendants
    Yellowstone Transportation, Inc.
    Yes Car Services, Inc., and
    April 2012 Transportation, Inc.
    1001 Avenue of the Americas
    11th Floor
    New York, New York 10018

WEXLER, District Judge:

Before the Court is the Defendants' motion to dismiss Plaintiffs' First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. For the following reasons, Defendants motion is denied in its entirety.

## BACKGROUND

Plaintiffs, Xidong Gao ("Gao"), Desheng Zhang ("Zhang"), Bin Li ("Li"), Yang Wang ("Wang"), and Hongjun Hou ("Hou") (collectively, "Plaintiffs"), are all former employees of Defendants Yellowstone Transportation, Inc., Yes Car Services, Inc., and April 2012 Transportation, Inc., all doing business as Yes Car Services ("Yes" or "Defendants"), and their owner/operator, Defendant Tony Law ("Law"). Yes is a car service and Plaintiffs are all current or former drivers for the company.

Gao was employed by Yes from approximately August 2013 to October 2013. (Am. Compl. ¶ 43.) Gao regularly worked twelve hours per day, six days per week for a total of seventy-two hours each workweek. (Id. ¶ 46.) On average, Gao drove approximately one hundred and fifty to two hundred miles per day. (Id. ¶ 47.)

Zhang began his employment for Yes on or about January 1, 2014 and is still currently a driver for Yes to date. (Id. ¶ 70.) Zhang regularly works thirteen and a half hours per day, six days per week, totaling eighty-one hours each workweek. (Id. ¶ 73.) Zhang drives an average of one hundred and fifty to two hundred miles each day. (Id. ¶ 74.)

Li began his employment for Yes on or about August 1, 2014 and continues to drive for Yes to date. (Id. ¶ 104.) Li regularly works ten and a half hours per day, six days per week, and,

every two week, Li works seven days per week, averaging sixty-eight and a quarter hours each week. (Id. ¶¶ 107-09.) On average, Li drives one hundred and fifty to two hundred miles each day. (Id. ¶ 110.)

Yang began his employment for Yes on or about December 11, 2012 and is still currently a driver for Yes to date. (Id. ¶ 141.) Yang regularly worked twelve and a half hours per day, six days per week, and, every three weeks, Yang works seven days per week, averaging approximately seventy-nine hours per week. (Id. ¶¶ 144-46.) Yang drives an average of one hundred and fifty to two hundred miles each day. (Id. ¶ 147.)

Hou began his employment with Yes on or about May 23, 2013 and continues to drive for Yes to date. (Id. ¶ 179.) Hou regularly works twelve hours each day, seven days per week, for a total of eighty-four hours per week. (Id. ¶ 183.) On average, Hou drives one hundred and fifty to two hundred miles each day. (Id. ¶ 184.)

Defendants controlled Plaintiffs' work through dispatch orders, sending them to specified clients. (Id. ¶¶ 48, 75, 111, 148, 185.) Plaintiffs were required to work solely and exclusively for Yes and were monitored through the radio dispatcher. (Id. ¶¶ 49, 76, 112, 149, 186.) If caught working for another car service other than Yes, Plaintiffs would be disciplined and terminated. (Id. ¶¶ 50, 77, 113, 150, 187.)

As a precondition for employment, Plaintiff Gao was required to incorporate a company in his own name and to pay two hundred and seventy-five dollars every half month to Yes as a semi-weekly radio deposit. (Id. ¶¶ 52, 54-55.) In addition to this deposit, Defendants also deducted one dollar for each ride from Gao's wages. (Id. ¶ 55.)

As preconditions for their employment, Plaintiffs Zhang, Li, Wang and Hou were

required to incorporate companies in their own names and to use the newly incorporated companies to open business checking accounts at Chase Manhattan Bank. (Id. ¶¶ 78-79, 114-15, 151-52,188-89.) Zhang, Li, Wang and Hou were also required to pay radio initiating costs that ranged from one thousand six hundred to two thousand dollars, as well as weekly radio deposits ranging from one hundred and fifty-five to one hundred and eighty dollars, and thirty-five dollars per month for Yes's telephone services.[1] (Id. ¶¶ 80, 83-84, 116, 120-21, 153, 156-57, 190. 193-94.) In addition, Yes deducted one dollar for each ride from Zhang's, Li's, Wang's and Hou's wages. (Id. ¶¶ 85, 122, 158, 195.)

Defendants also required Plaintiffs to shoulder Defendants' business expenses, including obtaining their own out-of-pocket and unreimbursed automobile insurance. (Id. ¶¶ 56, 87, 124, 160, 197.) Defendants failed to obtain proper authorization for the foregoing deductions, as required by law. (Id. ¶¶ 57, 88, 125, 161, 198.) In addition, Plaintiffs were required to pay for their automobiles, their maintenance and operation, parts and supplies. (Id. ¶¶ 58, 89, 126, 162, 199.) Defendants did not compensate or reimburse Plaintiffs for these costs. (Id. ¶¶ 59, 90, 127, 162, 199.) Plaintiffs were also required to maintain their cars in clean condition at all times. (Id. ¶¶ 60, 91, 128, 164, 201.) Plaintiffs were not reimbursed for any expenses related to keeping their cars clean. (Id. ¶¶ 62, 93, 130, 166, 203.)

Plaintiffs commenced the within action on January 5, 2016 and amended their Complaint, as of right, on January 14, 2016. The Amended Complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), as

---

[1] Plaintiff Li was also required to pay two hundred dollars to Yes as a telephone initiating cost. (Id. ¶ 117.) He appears to be the only plaintiff required to make this payment.

well as Defendants' filing of a fraudulent tax return, breach of implied contract and violation of Section 349 of the New York General Business Law.

Defendants now move to dismiss Plaintiffs' minimum wage and overtime claims under both the FLSA and the NYLL, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiffs are independent contractors, not employees, and are therefore exempt from both the FLSA and the NYLL. Plaintiffs oppose Defendants' motion on all grounds.

## DISCUSSION

I.  Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, see Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." Troni, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007)).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to

accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II. The FLSA and NYLL Claims

Plaintiffs allege that Defendants improperly classified them as independent contractors when, in reality, they were or are employees and, therefore, subject to the protections of the FLSA and the NYLL. By their motion, Defendants argue that Plaintiffs fails to allege sufficient facts to establish the existence of an employment relationship between any of the Plaintiffs and Defendants.

The FLSA defines the term "employee" as "any individual employed by an employer, and the term "employ" to include "to suffer or permit work." 29 U.S.C. § 203(e)(1), 203(g). While this definition is broad, the "overarching concern" in determining whether an employer-employee relationship exists under the FLSA "is whether the alleged employer possessed the power to control the workers in question with an eye to the 'economic reality' presented by the facts of each case." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted).

Known as the "economic reality test," courts consider the following relevant factors in determining whether an individual is an "employee" or an independent contractor for purposes of the FLSA: (1) the degree of control exercised over the workers; (2) the worker's opportunity for

profit or loss; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) whether the work is integral to the employer's business." Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988) (citations omitted). "Even if a putative employer does not exercise "formal control" over a worker, the court must assess whether the entity nevertheless exercised "functional control" over the worker. Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 143 (2d Cir. 2008). No one factor is dispositive; rather, the economic reality test is based on a "totality of the circumstances." Brock, 840 F.2d at 1059.

Here, accepting the factual allegations pleaded in Plaintiffs' Amended Complaint as true, as the Court must at this stage of the litigation, the Court finds that Plaintiffs have adequately pleaded that they were or are employees of Defendants. Defendants attempt to undermine Plaintiffs' allegations by offering "Independent Contractor Services Agreements," purportedly signed by each of the Plaintiffs. However, it would be premature to consider such documents at this juncture, given that the parties have not even had their initial appearance before the assigned Magistrate Judge yet and no discovery has been conducted whatsoever thus far. Dismissing the action on the grounds that Plaintiffs are independent contractors at this stage of the litigation would be inappropriate. Accordingly, Defendants' motion to dismiss the overtime and minimum wage claims brought pursuant to the FLSA and the NYLL is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' overtime and minimum wage claims brought pursuant to the FLSA and the NYLL is denied in its entirety. The parties are directed to contact the assigned Magistrate Judge forthwith to begin discovery.

**SO ORDERED:**

Dated: Central Islip, New York
 February 15, 2017

_____
LEONARD D. WEXLER
United States District Judge